## HOTING v. HAMFF et al.
### No. 7487.

Court of Civil Appeals of Texas. Austin.
Oct. 8, 1930.

Rehearing Denied Oct. 29, 1930.

C. H. Chernosky and A. B. Gerland, both of Houston, for appellant.

E. T. Simmang and Richard W. Mayfield, both of Giddings, for appellees.

BLAIR, J.

Suit by appellant, Albert Hoting, the surviving husband and sole heir at law of Augusta Hoting, deceased (née Augustà Hamff), a daughter of Christian Hamff, also deceased, against William Hamff, a son of Christian Hamff, and others to construe the will of Christian Hamff, and to establish as a charge against 449 acres of land bequeathed to William Hamff a legacy of $1,500 given to Augusta Hoting. The material portions of the will read as follows:

"Second. I give and bequeath to my beloved wife Anna Hamff all my property of which I shall die seized and possessed or to which I shall be entitled at the time of my decease real personal and mixed property to have and to hold the same for and during her natural life time.

"Third. I give and bequeath to my daughter Auguste Hotting née Hamff joined by her husband Albert Hotting the sum of Two Thousand and five hundred dollars; but as my daughter has all rady received of me Christian Hamff and my wife Anna Hamff the sum of One Thousand Dollars during her life time for which she the said Auguste Hotting née Hamff and her husband Albert Hotting have executed a receipt for the sum of One Thousand Dollars dated November the first, A. D. 1892,—so that only the sum of One Thousand and five hundred $1,500.00 dollars, shall be paid to her the said my daughter Auguste Hotting née Hamff her heirs or assigns—by my son William Hamff out of the estate and property given and bequeathed to him as soon after the decease of my beloved wife Anna Hamff.

"Fourth. It is my will that after paying out the above named legacies out of the estate I give and bequeath to my son William Hamff all the remaining property the farm on which I now reside containing four hundred and forty nine (449) acres of land it being a part of the J. Wadlington ¼ of a league situated in the County of Lee and State of Texas with all the improvements thereon and all kind of haus and kitchen furniture wagons and bugie also agricultur tools and all kind of stock cattle and horses that may be left on the farm—from and after the decease of my beloved wife Anna Hamff. To have and to hold the same to him the said my son William Hamff, his heirs and assigns forever.

"Fifth. It is my will that should there be any money notes or cash money left after the decease of my beloved wife Anna Hamff that it shall be divided between my said two children share and share alike."

The agreed facts showed that Christian Hamff died November 7, 1897; that his above will was duly probated, and that his wife, Mrs. Anna Hamff, by virtue of her life estate, took possession of all personal property, appraised at $3,700, and of the 449 acres of land, appraised at $6,700 (this property constituted the entire community estate of this marriage, but was treated under the terms of the will as the separate property of Christian Hamff); that shortly after the death of Christian Hamff Augusta Hoting died, leaving her husband, appellant, Albert Hoting, as her sole heir at law; that all of the personal property was used by Mrs. Anna Hamff, and only the 449 acres of land remained at her death in 1928; that immediately after her death William Hamff went into possession of the land, and refused to pay the legacy of $1,500 given to Augusta Hoting by the third clause of the will. The trial court construed the will as specifically bequeathing the 449 acres of land to William Hamff, and therefore held that it was not charged with payment of the legacy of $1,500 to Augusta Hoting. We do not so construe the will; but hold that it was the intention of the testator to charge the 449 acres of land with the payment of the legacy of $1,500 given to Augusta Hoting.

Clause 3 of the will provides that the legacy of $1,500 given to Augusta Hoting was to be

682

paid "by * * * William Hamff out of the estate and property given and bequeathed to him." Clause 4 describes the property and estate given and bequeathed to William Hamff, and further the language, "It is my will that after paying out the above named legacies out of the estate I give and bequeath to my son William Hamff all the remaining property," clearly evinces the intention of the testator to charge it with the payment of the $1,500 legacy. Christian Hamff died seven days after executing his will, and the inventory shows that the property bequeathed to William Hamff, described in clause 4 of the will, was all the property he owned, except some notes, aggregating $3,249, which he specifically devised by clause 5 of his will, share and share alike to his two children, conditioned that, if any notes were left after the decease of his wife, they were to be so divided. These notes were used by Mrs. Anna Hamff during her lifetime, and therefore these specific devises failed. But the legacy of $1,500 could not have been paid out of "any money notes or cash money" devised by clause 5, because these were specific devises of specific property. We therefore reverse the judgment of the trial court, and here render judgment for appellant against appellees for $1,500, and that the 449 acres of land described in clause 4 of the will shall be charged with its payment.

Reversed and rendered.